**GROVE MANUFACTURING
COMPANY, Appellant,**

v.

**CARDINAL CONSTRUCTION
COMPANY et al., Appellees.**

No. 1289.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1976.

Rehearing Denied March 3, 1976.

**154**

J. Eugene Clements, Walter T. Weathers, Jr., Sewell, Junell & Riggs, Houston, for appellant.

Frank J. Knapp, Stephen W. Hanks, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment in favor of the third party defendants in a case in which an employee is seeking damages for injuries sustained in the course and scope of his employment. The employee, Wayne Kerry Guice, was injured while he was riding in a basket being lifted by a crane. The crane was operated by appellee Paulo Valadez, and both Valadez and Guice were employees of appellee Cardinal Construction Company. Guice filed a workmen's compensation claim and subsequently entered into a settlement agreement with Cardinal's compensation insurance carrier, the Texas Employers Insurance Association. He later brought suit in negligence and strict liability against the seller and lessor of the crane and against appellant Grove Manufacturing Company, the manufacturer of the crane. Appellant Grove impleaded appellees Cardinal and Valadez, alleging gross negligence and intentional tort and asking indemnity from Cardinal for any damages which might be assessed against Grove. Appellees moved for summary judgment on the grounds they were immune from liability by virtue of Guice's acceptance of workmen's compensation benefits, and the trial court granted the summary judgment. The third party action was then severed from the main lawsuit, and appellant perfected this appeal.

It is well settled in Texas that a defendant has no right of indemnity or contribution from a party against whom the injured party has no cause of action. *City of Houston v. Watson*, 376 S.W.2d 23, 33 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.). In this case the injured party, Guice, has contracted away his common law right

to a cause of action for negligence against his employer and fellow servant:

> When the employee and employer have elected to participate under the Workmen's Compensation Law, they have voluntarily agreed that the rights and remedies otherwise existing under the common law shall not be operative, and that their respective rights shall be governed by the provisions of the compensation law.

*Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.Sup.1974). The Workmen's Compensation Act exempts subscribing employers from all common law liability for negligence, with the sole exception of "certain exemplary damages in death cases specifically provided for by the Act." *Paradissis*, at 529. There is no exception made in the Act for common law liability for gross negligence when the injury does not result in the employee's death. Since Guice has no cause of action for gross negligence against his employer or fellow servant, appellant therefore has no right of indemnification from them.

■ Appellant further urges, however, that Guice has a cause of action against appellees for intentional injury which is guaranteed to him by the Texas Bill of Rights, Tex.Const. art. I, § 13, and which cannot be legislatively abrogated. This is true, but the Workmen's Compensation Act does not abrogate this right; the employee, in claiming and collecting under the Act in an accidental injury, declared that there was no intentional injury.

> In *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, the difference, between "accidental injuries," and "intentional injuries," is discussed and defined, Syl. 3–4, 185 S.W. page 560. They are inconsistent with each other. Appellant's asserted claim for compensation for accidental injuries under the Workmen's Compensation Act and his acceptance of benefits thereunder being entirely inconsistent with his present claim in this suit for intentional injury, such asserted claim

in the compensation proceeding bars and destroys, through his election of remedies, the claim here, and creates both an estoppel and res adjudicata of such claim. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377.

*Jones v. Jeffreys*, 244 S.W.2d 924, 926 (Tex. Civ.App.—Dallas 1951, writ ref'd). Guice's cause of action against appellees for intentional tort has thus been "destroyed" by his claim for and acceptance of workmen's compensation benefits.

Appellant complains that Tex.Rev.Civ. Stat.Ann. art. 8306, § 3 violates Article 1, section 13 of the Texas Constitution because it has arbitrarily deprived a third party of its common law rights to indemnity and contribution. As authority for this contention, appellant cites the case of *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951 (1955). In that case Judge Calvert said, at page 954, "proper respect must be accorded the inferences we intend to give the word 'arbitrarily'."

> Thus it may be seen that legislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable.

*Id.* at 955.

The policy prompting the enactment of the Workmen's Compensation Act is well known. It was done in the interest of the general welfare. *Millers' Mutual Casualty Co. v. Hoover*, 235 S.W. 863 (Tex.Comm'n App.1921, jdgmt adopted); *Southern Surety Co. v. Inabnit*, 1 S.W.2d 412, 413–14 (Tex. Civ.App.—Eastland 1927, no writ); *Batson—Milholme Co. v. Faulk*, 209 S.W. 837, 841 (Tex.Civ.App.—Galveston 1918, writ ref'd); *General Accident, Fire & Life Assurance Corp. v. Evans*, 201 S.W. 705, 707 (Tex.Civ.App.—Dallas 1918, no writ).

█ Since one should not be able to accomplish indirectly what can not be done directly, the third party here has lost its right to indemnity or contribution from the injured employee's employer. This, however, was not a purpose of the act, but only a necessary incident to its enactment. It can not, we believe, be held to have been arbitrary.

█ The rights of indemnity and contribution are not independent causes of action, but exist only as derivatives of the primary plaintiff's cause of action. *City of Houston v. Watson,* 376 S.W.2d 23, 33 (Tex.Civ.App. —Houston 1964, writ ref'd n. r. e.). The appellant would have a cause of action against appellee for indemnity or contribution only if Guice, the primary plaintiff, had a cause of action against the appellee. Since Guice has no cause of action, appellants in this case have no constitutional right which has, or could have been, abridged.

We find the appellees, Cardinal Construction Company and Paulo Valadez, are immune from common law liability either for *gross* negligence or for intentional tort, and therefore summary judgment in their favor was properly granted. The judgment of the trial court is affirmed.