**Gertrude ATCHISON, Appellant,**

v.

**WEINGARTEN REALTY MANAGEMENT COMPANY, Appellee.**

No. 01–94–01259–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 25, 1996.

Harry Van Deilen, Houston, for Appellant.

Tina Snelling, Donovan B. Hutchins, Houston, for Appellee.

Before WILSON, COHEN and ANDELL, JJ.

## OPINION

WILSON, Justice.

■ Can an appellate court, faced with a timely objection, consider a pleading that appears in the transcript solely as an exhibit to another pleading? Because we hold we cannot consider such a pleading, we affirm the trial court's judgment.

Appellant Gertrude Atchison sued appellee Weingarten Realty Management Company for injuries she suffered when she fell in Weingarten's parking lot. Weingarten filed a motion for summary judgment against Atchison; the trial court granted the motion and rendered a take-nothing summary judgment for Weingarten. Atchison appeals with three points of error, claiming that the trial court erred in rendering summary judgment because: (1) the court erroneously held that

Atchison filed an untimely response to Weingarten's motion for summary judgment; (2) material issues of fact exist; and (3) the evidence is legally and factually insufficient to support the trial court's judgment.

## Jurisdiction

Before we consider the substance of Atchison's appeal, we must decide whether we have jurisdiction.[1] After Atchison sued Weingarten, Weingarten filed cross-claims for contribution and indemnity against third-party defendants C & S Asphalt Sealing Company, Inc. and Knight's Asphalt Paving, Inc. The trial court rendered a take-nothing summary judgment against Atchison on June 13, 1994.[2] Atchison filed a motion for new trial on July 8, 1994. Weingarten filed a notice of nonsuit as to C & S Asphalt Sealing Company, Inc. and Knight's Asphalt Paving, Inc. on August 25, 1994. Atchison filed her appeal bond on September 13, 1994.

The transcript in this case as originally filed in this Court did not contain either a signed motion granting the nonsuit or a final judgment signed after Weingarten filed its notice of nonsuit.[3] On June 22, 1995, we abated the appeal so the parties could obtain either a signed motion granting the nonsuit

1. The relevant dates follow:
   6–13–94  Trial court signs summary judgment
   7–8–94  Atchison files motion for new trial
   8–25–94  Weingarten files notice of nonsuit as to third-party defendants
   9–13–94  Atchison files appeal bond
   7–18–95  Trial court signs order granting nonsuit

2. The summary judgment did not contain a "Mother Hubbard" clause, which would have made the judgment on its face final for purposes of appeal. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex.1993).

3. The district clerk entered the nonsuit in the minutes on August 25, 1994. See Tex.R.Civ.P. 162. Although a party has an absolute right to a nonsuit at the moment the party files its notice of nonsuit, if the nonsuit makes an otherwise interlocutory judgment a final judgment, then the appellate timetables still do not begin to run until the trial court either signs an order granting the nonsuit or signs a final judgment that explicitly memorializes the nonsuit or contains a "Mother Hubbard" clause. Farmer v. Ben E. Keith Co.,

907 S.W.2d 495, 496 (Tex.1995); Harris County Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding); see Tex.R.App.P. 5(b)(1), 41(a)(1).

The supreme court has recently suggested that if a plaintiff files a notice of nonsuit as to defendant $x$ and the trial court later renders a summary judgment in favor of the remaining defendants $y$ and $z$ that does not contain a "Mother Hubbard" clause, then the summary judgment is not final until the trial court signs an order either (1) dismissing defendant $x$ or (2) severing plaintiff's claims against defendant $x$ from any claims against defendants $y$ and $z$. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510 (Tex.1995). This statement in Park Place Hospital is arguably dicta because the severance order in that case was signed within the trial court's 30-day plenary power over the summary judgment, so even if the summary judgment was a final judgment, then the signing of the severance order operated to delay the commencement of the appellate timetables until the severance order was signed. See Farmer, 907 S.W.2d at 496; Mackie v. McKenzie, 890 S.W.2d 807, 808 (Tex.1994).

or a final judgment.[4] The trial court signed an order granting the nonsuit on July 18, 1995, and Atchison subsequently filed a supplemental transcript containing the order.

Because Atchison filed a motion for new trial, she had 90 days from the date of the signing of the trial court's final judgment in which to file her appeal bond. Tex.R.App.P. 41(a)(1). If the June 13, 1994 summary judgment was a final judgment, then Atchison's appeal bond was due on or before September 12, 1994, and Atchison has not timely perfected her appeal.[5] If the June 13, 1994 summary judgment was interlocutory, then the judgment became final on July 18, 1995, the appeal was prematurely perfected, and we have jurisdiction over the appeal. Tex. R.App.P. 58.

■ To determine whether the June 13, 1994 summary judgment was a final judgment, we must decide if the summary judgment disposed of all issues and parties in the case. *See North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). The summary judgment explicitly disposed of all issues and parties except for Weingarten's cross-claims for contribution and indemnity against C & S and Knight's. The question then is whether the summary judgment disposed of Weingarten's cross-claims for contribution and indemnity. We hold it did not for purposes of beginning the appellate timetables.

■ Weingarten's cross-claims for contribution and indemnity are not independent causes of action, but these cross-claims exist only as derivative claims of Atchison's primary cause of action. *See Amoco Chems. Corp. v. Malone Serv. Co.,* 712 S.W.2d 611, 613 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Grove Mfg. Co. v. Cardinal Constr. Co.,* 534 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Weingarten's cross-claims for contribution and indemnity were not, however, explicitly disposed of

by the summary judgment, and the summary judgment order did not contain "Mother Hubbard" language. We acknowledge that Weingarten's cross-claims for contribution and indemnity were no longer viable after the trial court rendered the summary judgment. The question then is whether a summary judgment that *implicitly* disposed of all issues and parties is final.

Our understanding is that a summary judgment which does not contain a "Mother Hubbard" clause must *explicitly* dispose of all issues and parties before the judgment becomes final. *Mafrige v. Ross,* 866 S.W.2d 590, 591–92 (Tex.1993). The prophylactic effect of this rule is to provide clear notice to the parties that a final judgment has been rendered, giving the parties fair warning that the applicable appellate timetables have begun to run. We therefore conclude (1) that the final judgment in this case was rendered when the trial court signed the July 18, 1995 order granting the nonsuit and (2) that we have jurisdiction over the appeal.

### Failure to Include Documents in the Record

■ The motion for summary judgment is not in the appellate record as a part of the transcript as a separate document, but a document that purports to be the motion for summary judgment is attached as exhibit A to Atchison's motion for new trial. The general rule is that the court cannot consider an item that is not part of the record on appeal. *$429.30 in United States Currency v. State,* 896 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Nuby v. Allied Bankers Life Ins. Co.,* 797 S.W.2d 396, 398 (Tex. App.—Austin 1990, no writ); *Gowan v. Reimers,* 220 S.W.2d 331, 336 (Tex.Civ. App.—Fort Worth 1949, writ ref'd n.r.e.). Here a document purporting to be the motion for summary judgment is physically present in the transcript as an attachment to another document, but the trial court clerk

---

4. At the time we abated the appeal, we informed the parties that we were still considering Weingarten's other jurisdictional claim regarding the finality of the June 13, 1994 summary judgment and that any subsequent filing of an order granting a nonsuit would not prejudice our consideration of Weingarten's other jurisdictional claim.

5. Atchison did not file a motion for extension of time to file her appeal bond. *See* Tex.R.App.P. 41(a)(2).

has not, and indeed cannot, certify that the purported motion for summary judgment is a true and correct copy of the motion for summary judgment that was actually filed.

Weingarten objected in its original appellee's brief to Atchison's failure to file the motion for summary judgment. Despite Weingarten's objection, Atchison has not filed a motion for leave to file a supplemental transcript containing the motion for summary judgment.[6]

■ Texas Rule of Appellate Procedure 71 states that "[a]ll motions relating to informalities in the manner of bringing a case into court shall be filed within thirty days after the filing of the transcript in the court of appeals; otherwise the objection shall be considered as waived, if it can be waived by the party." We are of the opinion that Atchison's failure to include the motion for summary judgment in the transcript is not a defect subject to rule 71. A document purporting to be the motion for summary judgment was attached as an exhibit to Atchison's motion for new trial and filed with the trial court clerk. When the clerk copied the motion for new trial for inclusion in the transcript, the clerk was correct in including the exhibit along with the rest of the motion for new trial. The burden is on the *appellant* to see that a sufficient record is presented to show error, so Weingarten had no duty to make a rule 71 objection. TEX.R.APP.P. 50(d). If Weingarten had not objected to the absence of the motion for summary judgment and had proceeded to reply to Atchison's points of error on the merits, then we believe that the omission of the motion for summary judgment would have been waived. Weingarten did object, however, and we must decide the effect of that omission.

Atchison also filed directly with the Clerk of this Court a set of 12 individually certified copies of various documents, including the motion for summary judgment. Texas Rule of Appellate Procedure 42(c) allows a court of appeals to hear an appeal "on sworn and uncontroverted copies of [the original] papers in lieu of a transcript" only when the appeal

is accelerated. As this is not an accelerated appeal, we can only consider information in the appellate record, *i.e.,* the transcript and statement of facts. TEX.R.APP.P. 50(a).

■ Atchison's points of error two and three claim that the trial court erred in rendering summary judgment because material issues of fact exist (point two) and the trial court's judgment is legally and factually insufficient (point three). Both of these points require an examination of the complete summary judgment record to overcome the presumption that the omitted evidence supports the trial court's judgment. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 689 (Tex. 1990), *cert. denied,* 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). Because we do not have the motion for summary judgment as a proper part of the appellate record, we must overrule points of error two and three.

■ Atchison claims in point of error one that the trial court erred in rendering summary judgment because the court erroneously held that Atchison filed an untimely response to Weingarten's motion for summary judgment. *See* TEX.R.CIV.P. 166a(c). Atchison has waived this point because the record contains neither (1) a notice setting a hearing on the motion for summary judgment, (2) a copy of her response that was allegedly filed on June 2, 1994, nor (3) an order of the trial court sustaining Weingarten's objection. TEX.R.APP.P. 52(a). We overrule point of error one.

We affirm the trial court's judgment.

ANDELL, Justice, dissenting.

I respectfully dissent.

The real issue in this case is whether a summary judgment that disposes of all claims between a plaintiff and defendant also implicitly disposes of all contribution and indemnity cross-claims brought by the defendant against third-party defendants, thus making the summary judgment a final judgment. I would hold that the summary judgment was a final judgment and would dismiss

---

6.  The transcript does not contain Atchison's written designation of matters to be included in the transcript, so we do not know if Atchison asked the trial court clerk to include the motion for summary judgment in the transcript. *See* TEX. R.APP.P. 51(b).

the appeal for want of jurisdiction because the appeal was not timely perfected.

Appellant Gertrude Atchison sued appellee Weingarten Realty Management Company, and Weingarten filed cross-claims for contribution and indemnity against third-party defendants C & S Asphalt Sealing Company, Inc. and Knight's Asphalt Paving, Inc. The trial court granted Weingarten's motion for summary judgment against Atchison and rendered a take-nothing summary judgment against Atchison on June 13, 1994. The June 13 summary judgment taxed costs against Atchison, but did not contain a "Mother Hubbard" clause. *See Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). Atchison filed a motion for new trial on July 8, 1994. Weingarten filed a notice of nonsuit as to C & S Asphalt Sealing Company, Inc. and Knight's Asphalt Paving, Inc. on August 25, 1994. Atchison filed her appeal bond on September 13, 1994.

Because Atchison filed a motion for new trial, she had 90 days from the date of the signing of the trial court's final judgment in which to file her appeal bond. TEX.R.APP.P. 41(a)(1). If the June 13, 1994 summary judgment was a final judgment, then Atchison's appeal bond was due on or before September 12, 1994, and Atchison has not timely perfected her appeal. I would hold that the June 13 summary judgment was a final judgment because it disposed of all issues and parties in the case, including Weingarten's cross-claims for contribution and indemnity. *See North E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966).

Weingarten's cross-claims for contribution and indemnity are not independent causes of action, but exist only as derivative claims of Atchison's primary cause of action. *See Amoco Chems. Corp. v. Malone Serv. Co.,* 712 S.W.2d 611, 613 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Grove Mfg. Co. v. Cardinal Constr. Co.,* 534 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Weingarten's cross-claims for contribution and indemnity were extinguished as a matter of law when the summary judgment disposed of Atchison's primary cause of action. The summary judgment, therefore, disposed of all issues and parties in the case and as such was a final judgment.

This Court should dismiss the appeal for want of jurisdiction because Atchison has failed to perfect a timely appeal. Because I believe the majority has incorrectly decided the threshold jurisdictional issue, I respectfully dissent.