NUMBER 13-99-601-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RICHARD CHENEY , Appellant,


v.



FORMOSA PLASTICS CORPORATION, TEXAS AND 

FORMOSA PLASTICS DEVELOPMENT CORPORATION , Appellees.

___________________________________________________________________


On appeal from the 267th District Court 

of Jackson County, Texas.

___________________________________________________________________


O P I N I O N

Before Justices Dorsey, Rodriguez, and Seerden (1)

Opinion by Justice Rodriguez


Richard Cheney brings this appeal from summary judgments granted in favor of Formosa Plastics Corporation, Texas
(FPC), and Formosa Plastics Development Corporation (FPDC). Because the summary judgments are interlocutory and are
not otherwise appealable, (2) we dismiss the appeal for want of jurisdiction. 

Cheney filed suit against FPC and FPDC for negligence, nuisance, and fraud after allegedly suffering repeated flood
damage caused by a drainage ditch on FPDC's property. The defendants answered, and filed a third party petition against
John D. Mercer & Associates, Inc., (Mercer), alleging causes of action for negligent design of the drainage system, as well
as contribution and/or indemnity. Thereafter, in a single document, FPC filed a motion for summary judgment and FPDC
filed a motion for partial summary judgment. 

The trial court granted FPDC's motion for partial summary judgment, disposing of all causes of action arising out of a
October 1994 flood, while explicitly stating that Cheney's "cause of action allegedly arising from a flood in the early part of
1997 shall remain pending against [FPDC]. . . ." The court also granted FPC's motion for summary judgment, dismissing
all causes of action asserted by Cheney against FPC. The summary judgment order granted in favor of FPC further
provided:

IT IS FURTHER ORDERED that all causes of action asserted by the Plaintiff against [FPC] be severed into a new cause of
action bearing Cause No. 97-5-10,767A. IT IS FURTHER ORDERED that the severed cause of action will also contain
the Third-Party Action filed by FORMOSA PLASTICS CORPORATION, TEXAS against JOHN D. MERCER &
ASSOCIATES, INC. 

Cheney attempts to appeal both summary judgments by two issues. 

Generally, appeals are allowed only from final orders or judgments. FirstCollect, Inc. v. Armstrong, 976 S.W.2d 294, 298
(Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). 
Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final
judgments. Armstrong, 976 S.W.2d at 298; Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985) (orig.
proceeding); see also Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon Supp. 2001). "A judgment is final for purposes of
appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 194 (Tex. 2001) (citations omitted). 

In this case, the summary judgment granted in favor of FPDC does not dispose of all causes of action brought by Cheney. 
Indeed, the express language of the order provides that a cause of action against FPDC "shall remain pending." 
Accordingly, this summary judgment is not final and is not capable of being appealed. 

 The summary judgment granted in favor of FPC, on the other hand, purports to dispose of all causes of action brought
by Cheney against FPC. The order further severs the action from the action between Cheney and FPDC. However, it does
not sever the action from the third-party action filed by FPC against Mercer; in fact, it provides that the severed action will
"contain the Third-Party Action. . . ." There is nothing in the record indicating disposition of the third-party action. 

We recognize that the summary judgment order disposing of Cheney's claims against FPC implicitly disposed of FPC's
claims for indemnity and contribution against Mercer. It did not, however, implicitly or explicitly dispose of Mercer's
claim for negligent design of the drainage system. Even if Cheney had merely raised claims of contribution and indemnity,
the supreme court, in Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192, 205 (Tex. 2001), held that "when there has not been
a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of
every pending claim andparty or unless it clearly and unequivocally states that it finally disposes of all claims and all
parties." (Emphasis added). Furthermore, "[a]n order that adjudicates only the plaintiff's claims against the defendant does
not adjudicate a counterclaim, cross-claim, or third party claim. . ." Id. at 205; see Atchison v. Weingarten Realty
Management Co., 916 S.W.2d 74, 76 (Tex. App.-Houston [1st Dist.] 1996, no writ) (summary judgment that implicitly
disposed of all issues and parties was not final for purposes of appellate timetable); but see Welch v. McDougal, 876
S.W.2d 218, 221 (Tex. App.-Amarillo 1994, writ denied) (where third-party action was entirely dependent on plaintiff's
recovery against defendant, summary judgment in favor of defendant disposed of third-party action). 

Here, according to the record, the summary judgment in favor of FPC did not dispose of the third-party claim. 
Accordingly, it is not a final judgment from which Cheney may now appeal. 

For the aforementioned reasons, we DISMISS the appeal for want of jurisdiction. 

NELDA V. RODRIGUEZ

Justice



Retired Chief Justice Robert J. Seerden not participating.



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 5th day of July, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. See Tex. Civ. Prac. & Rem. Code § 51.014 (Vernon Supp. 2001).