Dismissed and Opinion filed January 30, 2003









Dismissed and Opinion filed January 30, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-01148-CV

____________

 

TAXCO,
INC., Appellant

 

V.

 

HOUSTON
INDEPENDENT SCHOOL DISTRICT and CITY OF MISSOURI CITY, Appellees

 



 

On
Appeal from the 129th District Court

Harris
County, Texas

Trial
Court Cause No. 00-62255

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed May 20,
2002.  A motion to reconsider was filed
on May 28, 2002.  Appellant=s notice of appeal was filed October
24, 2002.

On December 2, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant filed a response, claiming that the
judgment was not final because it does not adjudicate third party claims.  We agree with appellant that the May 20,
2002, order is not a final judgment.








The May 20, 2002, order dismisses appellant=s claims against appellee,
Houston Independent School District (AHISD@) for lack of subject matter
jurisdiction.  Although this order does
not state the basis for the lack of subject matter jurisdiction, it modifies
and reforms a prior dismissal signed on April 3, 2002.  The April 3rd order dismissed appellant=s claims for lack of subject matter
jurisdiction by granting appellee=s pleas to the jurisdiction based on
lack of standing and sovereign immunity. 
The May 20th order again dismisses for lack of subject matter
jurisdiction, but also dissolves a temporary injunction and orders disbursement
of funds held in the registry of the court to HISD.  

Neither order disposed of the third
party claims filed by HISD or appellant=s claims against these third parties.  A[W]hen there has not been a
conventional trial on the merits, an order or judgment is not final for
purposes of appeal unless it actually disposes of all claims and all parties. A 
Lehmann v. Har-Con Corp., 39 S.W.3d 191,
205 (Tex. 2001).  An order that
adjudicates only the plaintiff=s claims against the defendant does not adjudicate third
party claims.  Id.  Thus, third party claims must be expressly
adjudicated and a court may not find an order to be a final
judgment by finding the third party claims were implicitly
adjudicated.  See id.; Atchison v.
Weingarten Realty Mgmt. Co., 916 S.W.2d 74, 76 (Tex. App.BHouston [1st Dist] 1996, no writ)(summary
disposition that implicitly, but not explicitly, disposed of claims is not a
final appealable judgment).  








Because the May 20th order in this case was not entered after
a conventional trial on the merits, there is no presumption that the order is a
final judgment.  Lehmann,
39 S.W.3d at 198. 
Although the May 20th order explicitly disposes of Taxco=s claims against HISD, it does not
explicitly dispose of the third party claims. 
Therefore, the May 20th order is interlocutory.  Nonetheless, the May 20, 2002, order is a
dismissal based on the granting of HISD=s plea to the jurisdiction.  The Civil Practices and Remedies Code
provides for appeal from an interlocutory order that grants a  plea to the jurisdiction of a governmental
unit as that term is defined in section 101.001.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8)
(Vernon Supp. 2002).  Section 101.001
includes a school district in the definition of a governmental unit.  Id. at ' 101.001(3)(B).  Thus, despite being interlocutory, the May
20, 2002, order is appealable.

Appeals from interlocutory orders, when allowed by statute,
are accelerated.  Tex. R. App. P. 28.1. 
In accelerated appeals, the notice of appeal must be filed within 20
days after the judgment or order is signed and the filing of post-judgment
motions do not extend the time for perfection. 
See Tex. R. App. P. 26.1(b); 28.1.

Because we find the order of May 20, 2002, is an appealable interlocutory order, appellant=s notice of appeal was due 20 days
after the May 20, 2002, order was signed. Appellant=s notice of appeal was not filed
until October 24, 2002.  A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

Because the notice of appeal was not timely filed, appellant
has failed to invoke this court=s jurisdiction.  Tex. R. App. P. 25.1(b).  Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed January 30, 2003.

Panel consists of Justices
Edelman, Seymore, and Guzman.