**Reversed and Remanded and Majority and Dissenting Opinions filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00764-CV

---

**WC 4TH AND COLORADO, LP, Appellant**

**V.**

**COLORADO THIRD STREET, LLC, Appellee**

---

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-20-002781**

---

### DISSENTING OPINION

After considering evidence that was attached as an exhibit to the Receiver's response to WC 4th's motion to show authority, the majority concludes that the trial court abused its discretion. Limiting my review to the evidence before the trial court at the time the court granted the motion to dismiss, I conclude there was no reversible error.

As the majority acknowledges, the abuse-of-discretion standard is the correct

standard to employ in this case. *See Bocquet v. Herring,* 972 S.W.2d 19, 20–21 (Tex. 1998) ("The abuse of discretion standard applies when a trial court has discretion either to grant or deny relief based on its factual determinations. This standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief."). The trial court does not abuse its discretion as long as there is some evidence of substantive and probative character to support its decision. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Furthermore, "[i]t is well-established that a reviewing court is to determine whether a trial court abused its discretion *based on the record before the trial court at the time the decision was made*." *Samlowski v. Wooten*, 332 S.W.3d 404, 413 (Tex. 2011) (Guzman, J., concurring) (emphasis added) (citing *University of Tex. v. Morris,* 344 S.W.2d 426, 429 (Tex. 1961)).

The majority presumes, without deciding, that the Receiver had the authority to act for WC 4th under the Receivership Order, but still concludes that a "charging order" was the exclusive remedy available to the Receiver. To supports its conclusion that the *Heckert* exception does not apply here, the majority claims that "the record reflects . . . WC 4th consists of third-party partners seemingly unrelated to Nate Paul. The Agreement of Limited Partnership of WC 4th shows that WC 4th and Colorado GP, LLC is the general partner and Sangreal Investments, LLC and Independence Holdings I, LLC are the limited partners."

However, the Agreement of Limited Partnership of WC 4th is only in the clerk's record because it was attached as an exhibit to the Receiver's response to WC 4th's motion to show authority. Just because a document is physically present in the record as an exhibit does not mean that it is part of the record on appeal. *See Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 74, 76–77 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("The general rule is that the court cannot consider

an item that is not part of the record on appeal. Here a document purporting to be the motion for summary judgment is physically present in the transcript as an attachment to another document, but the trial court clerk has not, and indeed cannot, certify that the purported motion for summary judgment is a true and correct copy of the motion for summary judgment that was actually filed. . . . Because we do not have the motion for summary judgment as a proper part of the appellate record, we must overrule points of error two and three."). WC 4th has not affirmatively demonstrated that the Agreement was properly before the trial court—and included in the trial record as competent evidence—at the time the trial court made its decision.[1] WC 4th has also not taken the steps necessary to make the Agreement a part of the record on appeal.

But even assuming without deciding that the Agreement was before the trial court, the standard is still abuse of discretion. We cannot reverse the trial court's decision simply because we would have reached a different outcome. The record before the trial court when it considered the motion to dismiss—including sworn financial statements, loan documents, and affidavits from Paul—still contained no credible evidence that another "party's interest would have been disrupted by granting turnover relief." *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 840 (Tex. App.—Houston [14th Dist.] 2023, no pet.). At most, the record indicates that WC 4th consisted of two additional entities as partners: Sangreal Investments, LLC and Independence Holdings I, LLC. But it is purely speculative to conclude that they are "seemingly unrelated to Nate Paul." Based on the record before us, we know nothing about those two entities or their business organization and membership.

---

[1] Supporting this conclusion is the fact that the purported Agreement is attached to WC 4th's reply brief on appeal as an exhibit, and WC 4th has requested that we take judicial notice of it. Why would WC 4th ask us to take judicial notice of the Agreement if it was already in the trial record and properly before the trial court?

Additionally, WC 4th has made no specific argument, to the trial court or on appeal, that other parties' interests would actually be disrupted. Because Third Street presented evidence that *Heckert* applied, the burden was on WC 4th to present some evidence that granting turnover relief would have caused some disruption to other parties' business interests. WC 4th did argue that the Receiver had no authority to step in on WC 4th's behalf but introduced no evidence on disruption.

It is not our job as appellate judges to fix things done or left undone at trial. I dissent.

/s/    Charles A. Spain
Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).