NO. 07-09-0217-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MARCH 9, 2010

 

______________________________

 

 

RANDY WAYNE COOK, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF  RANDALL COUNTY;

 

NO. 14972-B; HONORABLE JOHN BOARD, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of not
guilty, Appellant, Randy Wayne Cook, was convicted by a jury of aggravated
sexual assault of a child and sentenced to life imprisonment.  The appellate record, Appellant's brief, and
State's brief have all been filed. 
Pending before this Court is a Motion to Abate Appeal in which appointed
counsel, Warren L. Clark, represents that he has accepted a position with the
Randall County Criminal District Attorney's Office effective April 1, 2010, and
finds it necessary to withdraw from any further representation of
Appellant.  For the following reasons, we
agree and grant the motion.

            The trial court has the
responsibility for appointing counsel to represent indigent defendants, Tex.
Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2009), as well as the
authority to relieve or replace appointed counsel upon a finding of good cause.  Tex. Code Crim. Proc. Ann.
art. 26.04(j)(2) (Vernon Supp. 2009).  See
also Enriquez v. State, 999  S.W.2d 906, 907 (Tex.App.--Waco
1999, no pet.).  Additionally, the trial
court retains authority to appoint or substitute counsel even after the
appellate record has been filed.  Enriquez, 999 S.W.2d
at 908.  

Mr. Clark was appointed by the trial court to represent
Appellant.  In light of Mr. Clark's
upcoming employment with the Randall County Criminal District Attorney's
Office, we now abate the appeal and remand the cause to the trial court for
further proceedings.[1]

Upon remand, the trial court shall utilize whatever means
necessary to determine the following:

1.  whether good cause
exists to relieve Mr. Clark of his duties;

2.  whether Appellant
still desires to prosecute this appeal; and

2.  whether Appellant is
indigent and entitled to appointed counsel.

 

Should it be determined that Appellant does want to continue
the appeal and the trial court determines he is entitled to new appointed
counsel, the name, address, telephone number, and state bar number of the
newly-appointed counsel shall be provided to the Clerk of this Court.  The trial court shall execute findings of
fact and conclusions of law, and shall cause its findings, conclusions, and any
necessary orders to be included in a supplemental clerk's record to be filed with
the Clerk of this Court by April 1, 2010. 


            Should new counsel be
appointed, the Clerk of this Court is instructed to accept and file any brief
or supplemental brief newly appointed counsel desires to file.  Absent a motion for extension of time, newly
appointed counsel's brief is due within thirty days following the filing of the
supplemental clerk's record, and the State's brief is due thirty days following
the filing of Appellant's brief. 

It is so ordered.

                                                                                    Per
Curiam

 

 

 

Do not publish.

 

 

 

 











[1]Notwithstanding
that the record and briefs have been filed, an appellant is entitled to
appointed counsel "through to the end."  Ex parte Riley, 193 S.W.3d 900, 901 (Tex.Crim.App.
2006).  Following a disposition by
this Court, appointed counsel has the duty to inform the client of this Court's
decision and advise him of the right to file a pro se petition for
discretionary review.  Id. at 902.








age:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0253-CV%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0253-CV%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0253-CV%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0253-CV%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0253-CV%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO. 07-10-00253-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
12, 2010

 



 

EVANSTON INSURANCE COMPANY, APPELLANT

 

v.

 

D & L MASONRY OF LUBBOCK, INC., APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO 3
OF LUBBOCK COUNTY;

 

NO. 2009-564,144; HONORABLE JUDY A. PARKER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Evanston Insurance
Company, appeals the trial court’s entry of partial summary judgment in favor
of appellee, D&L Masonry of Lubbock, Inc.  By its order, the trial court found that
D&L’s insurance policy covered their claim and that Evanston breached the
insurance contract with D&L by denying the claim.  The trial court awarded D&L $58,113 as
liquidated damages suffered by D&L, and also awarded D&L $12,318.33 as
reasonable and necessary attorney’s fees. 
From this order, Evanston filed notice of appeal.

            A
review of D&L’s live pleading reveals that D&L asserted four separate
claims by its suit against Evanston: (1) breach of contract, (2) unfair
settlement practices, (3) acts and omissions under Texas Insurance Code section
541.151, and (4) breach of the common law duty of good faith and fair
dealing.  The trial court’s summary judgment
order only addresses D&L’s claim of breach of contract.  However, approximately one month after the
trial court entered its order, D&L filed a “Partial Notice of Non-Suit Without Prejudice,” wherein D&L sought the dismissal of
its remaining claims.  The record does
not reflect that the trial court took any action on D&L’s non-suit
notice.  Following D&L’s non-suit
filing, Evanston filed its notice of appeal. 
In its notice, Evanston concedes that the trial court’s summary judgment
order was interlocutory when entered, but contends that it became final on June
18, 2010, when D&L filed its notice of non-suit of all claims other than
the breach of contract claim.  

            We
are required to review sua sponte issues
affecting jurisdiction.  M.O. Dental Lab. v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per
curiam). 
Unless a statute specifically authorizes an interlocutory appeal,
appellate courts have jurisdiction over final judgments only.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  When there has not been a conventional trial
on the merits, there is no presumption of finality of a judgment.  Crites v. Collins,
284 S.W.3d 839, 840 (Tex. 2009). 
"[I]f the record reveals the existence of parties or claims not
mentioned in the order, the order is not final."  Lehmann,
39 S.W.3d at 206.

            While
a trial court generally has no discretion to refuse to dismiss claims that have
been non-suited by their proponent and its order doing so is ministerial, see
Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d
98, 100 (Tex. 2006) (per curiam), “[a]ppellate timetables do not run from the date a non[-]suit
is filed, but rather from the date the trial court signs an order of
dismissal,” In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (orig.
proceeding).  Because the trial court has
not signed an order dismissing D&L’s non-suited claims, the record does not
contain a final, appealable judgment.  See
id.; Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995)
(“The appellate timetable does not commence to run other than by a signed,
written order, even when the signing of such an order is purely
ministerial.”).  

            Because
the trial court has not ruled on D&L’s claims other than its breach of
contract claim and nothing in its summary judgment order evinces the trial
court’s intent to dispose of these claims, Evanston’s notice of appeal is
premature.  See Lehmann, 39 S.W.3d at 195. 
Additionally, the record reflects that all parties to the current suit
were aware that the trial court’s summary judgment order was interlocutory and
that the dismissal or final resolution of D&L’s remaining claims would have
to occur before the summary judgment order would be appealable.  Because the trial court has not signed an
order dismissing D&L’s non-suited claims, there is no final, appealable
order in the record, and this Court is without jurisdiction and has no
authority to do anything other than to dismiss the appeal.[1]

            Accordingly,
this appeal is dismissed for want of jurisdiction.

            

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] We are aware that
Texas Rule of Appellate Procedure 27.2 and Lehmann authorize appellate
courts to abate the appeal and remand the case to the trial court for
modification of the order or clarification of the trial court’s intent to enter
a final judgment.  However, such
procedure is available only when the appellate court is “uncertain” whether the
trial court intended to enter a final judgment. 
Lehmann, 39 S.W.3d at 206.  In the present case, the trial court’s
complete failure to address D&L’s claims other than the breach of contract
claim make it clear that the trial court did not intend to enter a final
appealable order.  While some of our
sister courts have employed the abatement and remand procedure in circumstances
like the one present in the present appeal, we are in complete agreement with Chief
Justice Gray in his dissent in Mullins v. Ortiz, No. 10-08-00225-CV,
2009 Tex.App. LEXIS 3578 (Tex.App.—Waco April 29, 2009) (Gray, C.J., dissenting).