

# NUMBER 13-12-00789-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICARDO A. RODRIGUEZ,                                        **Appellant,**

**v.**

HENRY E. RUIZ, M.D.,                                           **Appellee,**

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Ricardo A. Rodriguez, attempted to perfect an appeal from an order entered by the 332nd District Court of Hidalgo County, Texas, in cause number C-0410-12-F(1). We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

The trial court entered a final appealable order in this cause on August 22, 2012. Appellant filed a motion for reconsideration on September 21, 2012. On November 19, 2012, the trial court issued an "Order Setting Hearing on Plaintiffs' Motion for Reconsideration." The order provided, in part, that:

> Plaintiffs' [sic] Motion for Reconsideration having been presented and duly considered, the Court is of the opinion that a hearing on same is necessary and the effective date of the order being reconsidered be continued to allow the filing of any required notice of appeal within 30 days of the resolution of said motion for reconsideration.

Appellant filed his notice of appeal on December 18, 2012.

On January 8, 2013, the Clerk of this Court notified appellant that it appeared that his notice of appeal was not timely perfected. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant's counsel filed a response stating that the notice of appeal was timely filed because the appellate deadlines were extended to 105 days past the date of the judgment because he filed a motion for reconsideration. Subsequently, appellee, Henry E. Ruiz, M.D., filed a motion to dismiss for lack of jurisdiction, and appellant filed a response thereto.

## II. ANALYSIS

Appellate deadlines begin on the date that the trial court signs the judgment or other appealable order. *See* TEX. R. APP. P. 26.1(a)–(c); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is

2

signed, unless a motion for new trial or other specified post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a)(1). If a motion for new trial or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1)–(4).

A motion for reconsideration is a post-judgment motion that extends the appellate deadlines if timely filed. *See* TEX. R. CIV. P. 392b(g) (stating that motions to modify, correct, or reform a judgment extend the trial court's plenary power); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (holding that any post-judgment motion, no matter what it is called, will extend plenary power if it seeks a substantive change in the judgment and is filed within the time limits for a motion for new trial); *Kirschberg v. Lowe*, 974 S.W.2d 844, 847–78 (Tex. App.—San Antonio 1998, no pet.) (holding that a motion for judgment notwithstanding the verdict extends the appellate time lines). A motion that extends the appellate deadlines must be filed within thirty days after the judgment or other order complained of is signed. TEX. R. CIV. P. 329b(a) (providing a thirty day deadline to file a motion for new trial); *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995); *see In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69-70 (Tex. 2008) (orig. proceeding) (holding that an amended or supplemental motion for new trial is timely, and may be filed without leave of court, if it is filed within thirty days of the judgment and the trial court has not overruled the earlier motion for new trial).

In the instant case, the trial court entered a final appealable order on August 22, 2012. Appellant timely filed a motion for reconsideration on September 21, 2012. Because appellant filed a motion for reconsideration, his notice of appeal was due 90

days after the judgment was signed.   See Tex. R. App. P. 26.1.   Thus, appellant's notice of appeal was due on November 20, 2012; however, appellant did not file his notice of appeal until December 18, 2012.

Appellant contends, citing Texas Rule of Civil Procedure 329b(g), that the deadline to file his notice of appeal was extended for 105 days because he filed a motion for reconsideration, and thus, he contends that his notice of appeal was timely.   According to appellant, the order setting hearing changed the effective date of the final order and restarted the appellate deadlines.   In connection with this argument, we note that the trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment.   *See* TEX. R. CIV. P. 329b (d); *Lane Bank Equip. Co.*, 10 S.W.3d at 310.   Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary power for up to an additional seventy-five days.   *See* TEX. R. CIV. P. 329b (c), (e) & (g).   When a motion for new trial is timely filed, the trial court has plenary power to vacate, modify, correct, or reform the judgment until thirty days after the motion is overruled, either by a written order or by operation of law, whichever comes first.   TEX. R. CIV. P. 329b (e); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003).   In either event, the court's plenary power may not be extended more than 105 days after the judgment was signed.   *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

Appellant's argument conflates the plenary period of the trial court and the deadline to file a notice of appeal.   *Compare* TEX. R. APP. P. 26.1, *with* TEX. R. CIV. P. 329b(a),(b)(g); *Herrera v. Anzaldua*, No. 13-11-00531-CV, 2011 Tex. App. LEXIS 7043

(Tex. App.—Corpus Christi Aug. 30, 2011, pet. denied) (per curiam mem. op.). Moreover, the trial court's order setting a hearing on the motion for reconsideration for December 6 and purporting to continue the "effective date of the order being reconsidered" did not alter the appellate deadlines. It is "well settled" that "appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants." *Welder v. Fritz*, 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ); *see Stine v. State*, 908 S.W.2d 429 (Tex. 1995) ("It is . . . fundamental that the parties of a suit can neither confer nor waive jurisdiction by agreement or consent."); *Claxton v. (Upper) Lake Fork Water Control & Improvement Dist. No. 1*, 220 S.W.3d 537, 541–42 (Tex. App.—Texarkana 2007, pet. denied) ("Even if both parties agreed that a different date [for the final judgment] actually existed, we are constrained by the rules to determine our jurisdiction by reference to the date on which the judgment was signed.").

## III. CONCLUSION

Appellate jurisdiction is never presumed. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.). Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The Court, having examined and fully considered the documents on file, appellant's response to this Court's notice, appellee's motion to dismiss, and appellant's response thereto, is of the opinion that the appeal should be dismissed for

want of jurisdiction. Accordingly, we GRANT appellee's motion to dismiss and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
7th day of March, 2013.