Linda Katherine FARMER, Petitioner,

v.

BEN E. KEITH COMPANY, Respondent.

No. 95–0036.

Supreme Court of Texas.

June 15, 1995.

Ken Wigginton, Wigginton & Associates, Wichita Falls, for petitioner.

Chris S. Medlenka, William L. Latham, McDonald Sanders, Fort Worth, for respondent.

PER CURIAM.

In this case we must decide if the petitioner's appeal was timely perfected. We hold that it was.

Linda Farmer sued her employer, Ben E. Keith Company, for injuries she contends she received on the job. She alleged two claims: breach of contract and negligence. Her employer moved for summary judgment on the contract claim. On December 17, 1992 the trial court signed an order granting partial summary judgment finding there was no issue of material fact concerning the contract claim. On April 19, 1993, Farmer filed a document entitled "supplemental petition" in which she abandoned her negligence claim but continued to assert the contract claim on which judgment had been granted. On April 20, 1993, she filed a motion for rehearing and abatement of the summary judgment. On July 19, 1993, rehearing and abatement was denied by a signed, written order. An order which purports to be a "final judgment" was signed August 16, 1993. Farmer's appeal was perfected September 15, 1993.

The court of appeals dismissed Farmer's appeal as untimely. That court opined that the time for perfecting appeal ran from the filing of Farmer's "supplemental petition," which it treated as a motion to dismiss Farmer's negligence claim. 886 S.W.2d 492.

█ The Rules of Appellate Procedure calculate the period within which one must perfect an appeal *from the time the judgment is signed, not from the filing of a pleading.* Tex.R.App.P. 41(a)(1). Likewise Rule 5 provides that "the date a judgment *or order is signed* shall determine the beginning of the periods described by these rules for filing in

the trial court the various documents in connection with an appeal, including but not limited to ... certificate of cash deposit...." Tex.R.App.P. 5. When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties. *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 313 (Tex.1994). *See also Shadowbrook Apartments v. Abu–Ahmad,* 783 S.W.2d 210, 211 (Tex.1990) (calculating appellate timetable from signing of order of dismissal); *Harris County Appraisal Dist. v. Wittig,* 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 163–64 (Tex.App.—Fort Worth 1992, appeal dism'd as moot); *Hermann Hospital v. Aetna Life Ins. Co.,* 803 S.W.2d 351, 352 (Tex. App.—Houston [14th Dist.] 1990, writ denied). The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial. Tex.R.App.P. 5; *Wittig,* 881 S.W.2d at 194.

█ In *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 313 (Tex.1994), we recognized that the appellate timetable runs from the signing date of whatever order that makes a judgment final and appealable, i.e. whatever *order* disposes of any parties or issues remaining before the court. Further, the appellate timetable can begin yet again with the signing of an order or judgment where there is nothing on the face of the record to indicate it was signed for the sole purpose of *extending* the appellate timetable and the order is signed within the trial court's plenary power. Tex.R.Civ.P. 329b(h); *Mackie v. McKenzie,* 890 S.W.2d 807 (Tex. 1994). The August 16 "final judgment" is the only signed, written order which even purports to dispose of Farmer's "nonsuited" claim and the appeal was perfected within 30 days of when that order was signed.[1] There-

---

1. Since the appeal was perfected within 30 days of the signing of that order, we need not decide

whether Farmer's motion for reconsideration should be treated as a motion for new trial.

fore, Farmer's appeal should not have been dismissed.

Accordingly, a majority of the court grants Farmer's application for writ of error, and, pursuant to Tex.R.App.P. 170, without hearing oral argument, reverses the judgment of the court of appeals and remands to that court for consideration of Farmer's previously dismissed appeal. To the extent that *Merrill Lynch Relocation Management, Inc. v. Powell,* 824 S.W.2d 804 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding) is inconsistent with this opinion, it is disapproved.

Perfection was timely whether 30 or 90 days is      the proper allotment of time.