Grape Creek/Pulliam v. Burk 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00652-CV







Grape Creek/Pulliam Independent School District, Appellant



v.



Burk Construction Co., Inc., and John D. Burk, Individually, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-0651-C, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







PER CURIAM


 Appellant Grape Creek/Pulliam Independent School District attempts an appeal
against appellees Burk Construction Co., Inc., and John D. Burk, individually. Burk and Burk
Construction (collectively "Burk") sued Grape Creek/Pulliam; Harte-Hanks Communications,
Inc., d/b/a the San Angelo Standard-Times; San Angelo Standard Times, Inc., d/b/a San Angelo
Standard Times; and Jewell Television Corporation, d/b/a KLST Television Station. The trial
court rendered take-nothing summary judgments in favor of Harte-Hanks Communications, San
Angelo Standard Times, and Jewell Television Corporation and severed the causes of action
against them into two new causes. Burk subsequently filed a notice of nonsuit as to Grape
Creek/Pulliam.

 After the transcript was filed in this cause, the Clerk of this Court wrote the parties
stating that the transcript did not appear to contain a final judgment. See Tex. R. App. P. 56(a). 
The Clerk asked the parties to obtain a final judgment from the trial court and to request the
district clerk to prepare a supplemental transcript containing the appropriate documents showing
that the judgment is final. See Tex. R. App. P. 58(b). The parties have not complied.

 The appellate timetable does not begin upon the filing of a pleading that nonsuits
the only remaining party. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510 (Tex. 1995);
Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). Rather, the appellate timetable
commences to run only by signed, written order, even when signing such an order is purely
ministerial. Farmer, 907 S.W.2d at 496; Tex. R. App. P. 5(b). See Tex. R. App. P. 41(a). The
trial court in this cause never signed an order nonsuiting Grape Creek/Pulliam.

 Because the trial court has not signed an order disposing of all the parties in this
cause, Grape Creek/Pulliam's appeal is interlocutory. We accordingly dismiss the appeal for want
of jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (1986); Tex. R. App. P.
60(a)(2). (1)


Before Justices Powers, Jones and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 6, 1996

Do Not Publish

1.   Under the circumstances, we do not comment on the effect of Grape Creek/Pulliam's
motion for attorney's fees and amended answer filed after Burk filed the notice of nonsuit.