**BAROID EQUIPMENT, INC. f/k/a Shaffer, Inc. and Varco Schaffer Company, Appellants,**

**v.**

**ODECO DRILLING, INC.; Odeco Enterprises, Inc.; Diamond M Odeco, Ltd.; and Rexnord Corporation, Appellees.**

**and**

**Odeco Drilling, Inc.; Odeco Enterprises, Inc.; and Diamond–M Odeco, Ltd., Appellants,**

**v.**

**Baroid Equipment, Inc. f/k/a Shaffer, Inc. and Varco Schaffer Company, Appellees.**

**and**

**Rexnord Corporation, Appellant,**

**v.**

**Baroid Equipment, Inc. f/k/a Shaffer, Inc. and Varco Schaffer Company, Appellees.**

**No. 01–99–00658–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 2001.

Charles W. Kelly, Houston, G. Luke Ashley, Dallas, Tom Bayko, Deborah Greenleaf, Jack G. Carnegie, Houston, for appellants.

J. Douglas Sutter, John D. Parker, Houston, Scott Patrick Stolley, Dallas, for appellees.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.[*]

## ORDER

PER CURIAM.

This case was referred by agreement of both the parties and the trial court for trial before a special judge under chapter 151 of the Civil Practice and Remedies Code. *See generally* TEX. CIV. PRAC. & REM.CODE ANN. §§ 151.001–.013 (Vernon 1997) (trial by special judge). The parties are attempting to appeal from the "Second Amended Judgment" signed by the special judge on March 5, 1999.

Under chapter 151, a proceeding filed in the trial court remains stayed pending the outcome of the trial before the special judge, and the parties cannot appeal until (1) the special judge submits a "verdict"[1] to the trial court, (2) all parties and all claims in the case are disposed of,[2] and (3) the trial court signs an order that memorializes the finality of the case. *See id.* §§ 151.001, .004, .011, .012, .013; *see also* W. Frank Newton & David G. Swenson, *Adjudication by Privately Compensated Judges in Texas,* 36 BAYLOR L.REV. 813, 839 (1984) (discussing predecessor of current chapter 151, Act of May 29, 1983, 68th Leg., R.S., ch. 917, 1983 Tex. Gen. Laws 5060 (former TEX.REV.CIV. STAT. ANN. art. 200d, since amended and repealed)); *cf. Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995) (discussing necessity of signed order from trial court to begin running of appellate timetables). The clerk's record does not contain such an order from the trial court.

Accordingly, the Court rules as follows:

(1) For administrative purposes only, and without surrendering jurisdiction, this appeal is abated, will be treated as a closed case, and is removed from the Court's active docket. The November 27, 2001 oral argument is removed from the Court's submission calendar. The Court will not render judgment nor will the Clerk issue the mandate until the merits of the appeal are resolved by the Court or until the Court dismisses the appeal pursuant to the provisions of paragraph (4) below.

(2) The cause is remanded to the trial court for further proceedings related to the submission of the special

---

[*] The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. One of the representatives who drafted the 1983 special judge act acknowledged that it was awkward for the legislature to use the term "verdict" in the context of a nonjury trial. W. Frank Newton & David G. Swenson, *Adjudication by Privately Compensated Judges in Texas,* 36 BAYLOR L.REV. 813, 839 n. 204 (1984).

2. Because the trial court may refer any or all of the issues in the proceeding to the special judge, the final judgment can potentially encompass issues determined by the trial court and issues determined by the special judge. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 151.001 (Vernon 1997).

judge's verdict to the trial court. *See* TEX.R.APP.P. 27.2.

(3) The appeal will be reinstated on this Court's active docket if a supplemental clerk's record containing an appealable order signed by the trial court is filed in this Court.

(4) In the event a supplemental clerk's record with a signed, appealable order is not filed in this Court within 60 days after the date of this order, this appeal is subject to being dismissed for want of jurisdiction. TEX. R.APP.P. 42.3(a).

It is so **ordered.**