TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00136-CV







Armando M. Garza, et al., Appellants


v.


Gray & Becker, P.C., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN104188, HONORABLE PAUL DAVIS, JUDGE PRESIDING




O R D E R


PER CURIAM

 After reviewing the clerk's record and the briefs filed by the parties, it appears that
the district court's order of March 18, 2002, is not a final judgment for appellate purposes and that
the appeal is premature. The March 18 judgment did not dispose of all parties and claims pending
before the district court in the underlying cause. 

 Gray & Becker informed this Court in its appellee's brief that the same day it filed
the appellee's brief in this Court it also filed in the district court a "Notice of Nonsuit Without
Prejudice" as to its claims against third party garnishee banks. However, there is no order
effectuating this nonsuit in our appellate record. When a judgment is interlocutory because
unadjudicated claims or parties remain before the court, and when one moves to have such
unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable
runs from the signing of a judgment or order disposing of those claims or parties. See Farmer v. Ben
E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). The appellate timetable does not commence to run
other than by signed written order, even when the signing of such an order is purely ministerial. Id. 

 As the appeal is premature, we allow the parties until Wednesday, December 4,
2002, to obtain an order from the district court that would make this appeal viable and to submit a
supplemental clerk's record containing such a order. If this Court does not receive a response by
December 4, 2002, the appeal may be dismissed for want of jurisdiction. 

 It is ordered November 18, 2002.


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Do Not Publish