TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00622-CV






Ican Enterprise, Inc. d/b/a Ican Aviation, Michael Zucker, President,

and Naomi Zucker, Vice President, Appellants


v.


Williamson County Appraisal Review Board, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 03-972-C368, HONORABLE BURT CARNES, JUDGE PRESIDING




 

M E M O R A N D U M O P I N I O N



 Appellants Michael Zucker and Naomi Zucker are president and vice-president of
Ican Enterprise, Inc., d/b/a Ican Aviation. They sought to represent the corporation in this suit
against appellee Williamson County Appraisal Review Board. On July 26, 2004, the trial court made
an oral determination that the Zuckers, neither of whom is an attorney, could not represent the
corporation. According to the clerk of the trial court, no written order was signed or is expected.

 Appellate timetables do not begin to run "other than by signed, written order, even
when the signing of such an order is purely ministerial." Farmer v. Ben E. Keith Co., 907 S.W.2d
495, 496 (Tex. 1995). Without such a document, there is no order or judgment that is final and
appealable. Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510 (Tex. 1995). The trial court
made only an oral pronouncement in this case. Appellants lack an order from which to appeal, and
therefore this Court lacks jurisdiction to entertain the appeal. Furthermore, even if there were a
written order on the issue, the trial court's determination was not a final decision in the case, but
rather was an interlocutory decision and is not of a kind from which appeal may be taken. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2004-05) (listing allowable interlocutory
appeals and providing for interlocutory appeal upon agreement by parties); Stary v. DeBord, 967
S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals
of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); see also Tex. Civ.
Prac. & Rem. Code Ann. §§ 15.003(b) (West Supp. 2004-05) (interlocutory appeal from venue
determinations), 171.098 (West Supp. 2004-05) (interlocutory appeal from some determinations
related to arbitration); Tex. Gov't Code Ann. §§ 1205.068, .105 (West 2000) (interlocutory appeal
from decisions related to bonds); Tex. R. Civ. P. 76a(8) (interlocutory appeal from the sealing or
unsealing of documents).

 The trial court's decision is not one from which interlocutory appeal is permitted, and
further there is no signed, written order from which appeal may be taken. We therefore dismiss the
appeal for want of jurisdiction. See Tex. R. App. P. 42.3.



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: January 12, 2005