# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00622-CV

**Ican Enterprise, Inc. d/b/a Ican Aviation, Michael Zucker, President, and Naomi Zucker, Vice President, Appellants**

**v.**

**Williamson County Appraisal Review Board, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 03-972-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Michael Zucker and Naomi Zucker are president and vice-president of Ican Enterprise, Inc., d/b/a Ican Aviation. They sought to represent the corporation in this suit against appellee Williamson County Appraisal Review Board. On July 26, 2004, the trial court made an oral determination that the Zuckers, neither of whom is an attorney, could not represent the corporation. According to the clerk of the trial court, no written order was signed or is expected.

Appellate timetables do not begin to run "other than by signed, written order, even when the signing of such an order is purely ministerial." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Without such a document, there is no order or judgment that is final and appealable. *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). The trial court made only an oral pronouncement in this case. Appellants lack an order from which to appeal, and therefore this Court lacks jurisdiction to entertain the appeal. Furthermore, even if there were a

written order on the issue, the trial court's determination was not a final decision in the case, but rather was an interlocutory decision and is not of a kind from which appeal may be taken. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2004-05) (listing allowable interlocutory appeals and providing for interlocutory appeal upon agreement by parties); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.003(b) (West Supp. 2004-05) (interlocutory appeal from venue determinations), 171.098 (West Supp. 2004-05) (interlocutory appeal from some determinations related to arbitration); Tex. Gov't Code Ann. §§ 1205.068, .105 (West 2000) (interlocutory appeal from decisions related to bonds); Tex. R. Civ. P. 76a(8) (interlocutory appeal from the sealing or unsealing of documents).

The trial court's decision is not one from which interlocutory appeal is permitted, and further there is no signed, written order from which appeal may be taken. We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   January 12, 2005

2