In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-522 CV


____________________



JAMES KENNETH COLLINS, Appellant



V.



STACEY LEIGH COLLINS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 04-01-00621 CV






MEMORANDUM OPINION


 The appellant, James Kenneth Collins, filed a motion to dismiss this appeal. Because
the appellant filed two notices of appeal affecting different orders entered in the same case,
the Court asked for clarification of the appellant's intent regarding perfection of appeal and
required the appellant to identify the order being appealed and to explain how it is appealable
at this time. In response, the appellant explained that the trial court signed a written order
on appellant's motion for clarification on September 4, 2007, and that the appellant wished
to withdraw his notice of appeal regarding that order. The appellant also explained that on
September 28, 2007, the trial court made an oral order that the appellant pay attorney fees to
the appellee. The appellant concedes that the order has not been reduced to writing, but
contends the order is appealable because it is effective immediately. The clerk's record
includes a motion for enforcement and petition to modify the parent-child relationship. The
motion was filed on September 11, 2007. The clerk's record also includes an application for
a temporary ex parte protective order with an attached temporary order upon which the
judge's signature has intentionally been stricken. Thus, it appears that no protective order
has been entered in this case.

 Regardless of whether an oral order is immediately effective, the timetable for an
appeal commences when the order is reduced to writing and signed by the trial court. 
Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). Furthermore, the trial court
has not disposed of all the issues and parties before the trial court and the appellant has not
shown that the oral order to pay attorney fees is amenable to an interlocutory accelerated
appeal.

 The motion to dismiss this appeal is voluntarily made by the appellant prior to any
decision of this Court and should be granted. Tex. R. App. P. 42.1(a)(1). The motion to
dismiss is granted. Although the same party filed a notice of appeal of an oral order, the
order is not amenable to an appeal at this time. Tex. R. App. P. 42.3. The appeal is
dismissed.

 APPEAL DISMISSED.

 __________________________________

 CHARLES KREGER

 Justice


Opinion Delivered December 20, 2007



Before McKeithen, C.J., Kreger and Horton, JJ.