COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| RODNEY JOHN RAMIREZ, | | No. 08-11-00267-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 383rd Judicial District Court |
| | § | |
| | | of El Paso County, Texas |
| GLORIA LETICIA RAMIREZ, | § | |
| | | (TC# 2004CM4551) |
| Appellee. | § | |
| | | |
| | § | |

**MEMORANDUM OPINION**

Appellant, a prison inmate, filed a notice of appeal in this Court on September 9, 2011. The notice states that Appellant is appealing a judgment of dismissal entered on September 2, 2011. On November 8, 2011, a deputy district clerk submitted an affidavit stating that the underlying suit is still pending and no final judgment or appealable order has been entered. A certified copy of the docket sheet is attached to the affidavit. It shows that a notice of intent to dismiss was entered in February 2011, and in March 2011, Appellant filed a motion for a bench warrant to appear at the dismissal hearing. Although the docket sheet indicates that a dismissal hearing was held on September 2, 2011, the docket sheet does not show that any ruling was made. Moreover, the court reporter has advised this Court that she has no record for a hearing.

Because it appears that there is no appealable order, the Clerk of this Court notified Appellant that this appeal would be dismissed for want of jurisdiction unless he could show grounds, within ten days, to continue the appeal. Appellant filed a response, but it does not

demonstrate that we have jurisdiction.

The appellate timetable does not begin to run until a written order is signed. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Even if the trial court made an oral ruling, that is not a substitute for a written order. *Hubbard–Jowers v. Starfire Enters., Ltd.*, No. 02–06–462–CV, 2007 WL 439052, at *1 (Tex.App.--Fort Worth Feb. 8, 2007, no pet.) (mem.opin.).

Appellant has not demonstrated that a written order has been signed. We therefore dismiss the appeal for lack of jurisdiction. *See* TEX.R.APP.P. 42.3(a); *see also* TEX.GOV'T CODE ANN. § 22.220(c)(West Supp. 2011)("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."). Appellant's motion to proceed with only one copy of the brief is denied as moot.

December 7, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.