COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






FIVE STAR DEVELOPMENT RESORT
COMMUNITIES, LLC, 


 Appellant,


v.



ISTAR FINANCIAL, INC., TROY D.
STEPHAN, AND STEVEN MAGEE, 


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


 §


No. 08-11-00299-CV



Appeal from the


384thd Judicial District Court

of El Paso County, Texas 


(TC# 2009-4914) 



MEMORANDUM OPINION


 Appellant filed a notice of appeal stating that it is appealing the September 14, 2011
orders dismissing its claims against Appellees and severing those claims from the remainder of
the case. On November 14, 2011, a deputy district clerk submitted an affidavit stating that the
underlying suit is still pending and no final judgment or appealable order has been entered. A
certified copy of the docket sheet is attached to the affidavit. It shows that a hearing on a motion
to sever was held on September 14, 2011, but it does not show that the court signed an order.

 Because it appears that there is no appealable order, the Clerk of this Court notified
Appellant that this appeal would be dismissed for want of jurisdiction unless it could show
grounds, within ten days, to continue the appeal. More than ten days have passed, and no
response has been filed.

 The appellate timetable does not begin to run until a written order is signed. Farmer v.
Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). Even if the trial court made an oral ruling,
that is not a substitute for a written order. Hubbard-Jowers v. Starfire Enters., Ltd., No.
02-06-462-CV, 2007 WL 439052, at *1 (Tex.App.--Fort Worth Feb. 8, 2007, no
pet.)(mem.opin.).

 Appellant has not demonstrated that a written order has been signed. We therefore
dismiss the appeal for lack of jurisdiction. See Tex.R.App.P. 42.3(a); see also Tex.Gov't Code
Ann. § 22.220(c)(West Supp. 2011)("Each court of appeals may, on affidavit or otherwise, as the
court may determine, ascertain the matters of fact that are necessary to the proper exercise of its
jurisdiction.").




December 7, 2011

 CHRISTOPHER ANTCLIFF, Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.