

## NUMBER 13-13-00620-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| CARLOS F. SMITH, E.T. AL., | APPELLANTS, |
|---|---|

v.

| WELLS FARGO BANK, NA, | APPELLEE. |
|---|---|

**On Appeal from the County Court at Law No. 1
of Travis County, Texas.**

### MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion Per Curiam**

Appellants, Carlos F. Smith and all other occupants at 13920 Briar Creek Loop, Manor, Texas 78653, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 1 of Travis County, Texas on May 30, 2013.[1] The notice of

---

[1] The appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West 2005) (granting the supreme court the authority to

appeal was filed on October 11, 2013. On November 15, 2013, the Clerk of this Court notified appellants that it appeared that the notice of appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of this Court=s letter. Appellants did not file a response to this notice.

Appellate deadlines begin on the date that the trial court signs the judgment or other appealable order. *See* TEX. R. APP. P. 26.1(a)–(c); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial or other specified post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a)(1). If a motion for new trial or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1)–(4).

In the instant case, the judgment below was signed on May 30, 2013. Appellants' deadline for filing a post-judgment motion that would extend the appellate deadlines was thirty days after the judgment was signed, or June 29, 2013, which was a Saturday, therefore rendering the deadline Monday, July 1, 2013. *See id.* R. 4.1(a). Appellants timely filed requests for findings of fact and conclusions of law and a motion for new trial within the required period. Accordingly, their deadline to file the notice of appeal was August 28, 2013. Nevertheless, appellants' notice of appeal was not filed until October 11, 2013.

Absent a timely filed notice of appeal from a final judgment or recognized

transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

interlocutory order, we do not have jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). The Court, having examined and fully considered the documents on file, appellants' lack of response to this Court's notice, and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
16th day of January, 2014.

3