

# Fourth Court of Appeals
## San Antonio, Texas

September 2, 2021

No. 04-21-00243-CV

Edythe **PRINCE** and Jared Prince,
Appellants

v.

Sharon L. **PETERS,** Individually; Sharon Peters Real Estate, Inc.; Christopher Russo,
Individually; Christopher Russo Home Inspections, PLLC; Timothy Brown; and The Agency
Austin, Inc., d/b/a The Agency San Antonio, n/k/a The Agency Texas, Inc.,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVOC-20-0000305
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

In the underlying suit, Appellants Edythe Prince and Jared Prince sued Sharon L. Peters and other defendants for alleged fraud and violations of the DTPA involving a real estate transaction. After Appellants nonsuited one of the defendants, Henry Justin Sheppard, the trial court's January 13, 2021 order acknowledged Appellants' nonsuit "of their case against only Defendant, Henry Justin Sheppard," and noted that "this case is dismissed without prejudice to re-file [sic]." The signed order shows a hand drawn underscore of "this case" with an arrow pointing to "Henry Justin Sheppard."

Months later, Appellants filed a plea to the jurisdiction. In it, they argued that the trial court's January 13, 2021 order dismissed the case in its entirety.

On June 8, 2021, the trial court denied Appellants' plea to the jurisdiction and granted Sharon L. Peters's motion to compel discovery and motion for monetary sanctions against Appellants and their counsel. Two days later, the trial court granted Timothy Brown's motion to compel discovery and motion for sanctions against Appellants and their counsel.

On June 14, 2021, Appellants filed a nonsuit against all remaining defendants and a notice of appeal. In the notice of appeal, Appellants challenged the trial court's orders denying their plea to the jurisdiction and granting the motion to compel discovery and sanctions.

After the clerk's record was filed, we ordered Appellants to show cause why this court had jurisdiction in this appeal. Appellants timely filed a response; they reassert their argument that the trial court's January 13, 2021 order dismissed the entire suit, and they assert they are appealing the trial court's order denying their plea to the jurisdiction and both motions to compel discovery and award sanctions.

Generally, a plaintiff may "take a nonsuit at any time until they have introduced all evidence other than rebuttal evidence." *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997); *accord Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also* TEX. R. CIV. P. 162 ("Dismissal or Non-Suit"). However, the "[a]ppellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal." *In re Bennett*, 960 S.W.2d at 38 (citing *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam)); *see Iacono*, 6 S.W.3d at 716 ("[W]hen a nonsuit is filed after a partial judgment has been signed, the judgment does not become final until the trial court signs either an order granting the nonsuit or a final judgment explicitly memorializing the nonsuit.").

In this case, despite Appellants' nonsuit of all remaining defendants, there is no final, appealable judgment or order. *See In re Bennett*, 960 S.W.2d at 38; *Farmer*, 907 S.W.2d at 496. Nevertheless, we may treat the notice of appeal as prematurely filed and allow Appellants time to present this court with a supplemental clerk's record that includes a final, appealable order or judgment. *See* TEX. R. APP. P. 27.2; *Iacono*, 6 S.W.3d at 716.

Therefore, we ABATE this appeal and REMAND this cause to the trial court. We ORDER Appellants to ensure that a supplemental clerk's record with a final, appealable judgment or order is filed in this court within THIRTY DAYS of the date of this order. If Appellants fail to cure the jurisdictional defect as ordered, we will reinstate this appeal and dismiss it for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

All other appellate deadlines are SUSPENDED pending further order of this court.

Appellants' motion to strike our August 10, 2021 order—for Appellants to provide written proof that they had paid for the clerk's record—is DENIED.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of September, 2021.



_____
MICHAEL A. CRUZ, Clerk of Court