In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00116-CV**
_____

DANIEL V. TRAVIS AND TRAVIS BROTHERS BUILDING
AUTOMATION TEXAS, LLC, Appellants

V.

TOMMY TRAVIS, Appellee

**On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-201,895**

**ORDER**

On March 23, 2020, the trial court signed an order that granted the motion for summary judgment filed by the appellee, Tommy Travis. On March 31, 2020, the appellants, Daniel V. Travis and Travis Brothers Building Automation Texas, LLC, filed a notice of nonsuit as to their counterclaims, however, the record does not contain an order of nonsuit. "When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have

1

such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). "The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." *Id.*

"The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2. Accordingly, we abate the appeal and remand the cause to the trial court. *See id.* Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before April 6, 2022, the appeal will be reinstated and dismissed for want of jurisdiction.

ORDER ENTERED March 7, 2022.

PER CURIAM

Before Golemon, C.J., Kreger and Horton, JJ.

2