**Order entered July 18, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-22-00501-CV

## DOWNTOWN MCKINNEY PARTNERS, LLC, Appellant

## V.

## INTERMCKINNEY, LLC, Appellee

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-03474-2020**

## ORDER

This is the second appeal stemming, in part, from the trial court's October 20, 2021 partial summary judgment.[1] The first appeal, appellate cause number 05-21-00913-CV, was dismissed for want of jurisdiction as a claim for attorney's fees remained pending. *See Downtown McKinney Partners, LLC v. InterMcKinney, LLC*, No. 05-21-00913-CV, 2022 WL 1314948 (Tex. App.—Dallas May 3, 2022,

---

[1] This appeal also challenges the trial court's April 21, 2022 order granting appellee's motion to expunge notice of lis pendens.

no pet.). This appeal was filed after the pending claim was nonsuited but before a final judgment had been signed.

Because appellate deadlines run from the date the judgment or order disposing of all remaining parties and claims is signed, not the filing of a notice of nonsuit, we questioned our jurisdiction over this appeal. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) (orig. proceeding); *Farmer v. Ben E. Keith*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). From jurisdictional briefing the parties filed at our request, the trial court has not signed a final judgment to date, but a motion for entry of judgment is pending.

We could dismiss this appeal for want of jurisdiction also. However, the signing of an order granting a nonsuit is a ministerial act. *See Iacono v. Lyons*, 6 S.W.3d 715, 716 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam). Given that and the pending motion for entry of judgment, we **ORDER** the trial court to sign a final judgment **no later than August 17, 2022**. A supplemental clerk's record containing a copy of the judgment and a supplemental reporter's record of any hearing held pursuant to this order shall be filed **no later than August 24, 2022**.

We note appellant has filed a motion to transfer the clerk's record from the first appeal into this appeal. We **GRANT** the motion and **ORDER** the clerk's

record filed in appellate cause number 05-21-00913-CV transferred into this appeal.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Andrea K. Bouressa, Presiding Judge of the 471st Judicial District Court; Collin County District Clerk Lynne Finley; Denise Carillo, Official Court Reporter for the 471st Judicial District Court; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. The appeal shall be reinstated no later than August 31, 2022 and is subject to dismissal without further notice should a final judgment not be signed.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE