**DISMISS and Opinion Filed December 30, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00447-CV

**ADAM M. SWARTZ, Appellant**
**V.**
**SEWELL VILLAGE CADILLAC CO., INC. D/B/A SEWELL INFINITI,
CARMAX AUTO SUPERSTORE, INC. AND
NISSAN NORTH AMERICA, INC., Appellees**

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-20-00256-A**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Adam Swartz filed the underlying suit in January 2020, asserting claims against the three appellees for violations of the Deceptive Trade Practices Act ("DTPA") and fraud. The claims were either dismissed by summary judgment or nonsuited. At issue in the appeal are two summary judgment orders.

Asserting we lack jurisdiction because Nissan North America, Inc.'s counterclaim for attorney's fees under section 17.50(c) of the DTPA is still pending, CarMax Auto Superstore, Inc. and Nissan have filed an opposed motion to dismiss

the appeal. Because the counterclaim is indeed pending, we grant the motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

It is well-settled that an appeal may generally be taken only after all claims against all parties have been resolved. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, no conventional trial on the merits has been held and the trial court has disposed of claims by separate orders, appellate court jurisdiction is not invoked until an order disposing of the last claim is signed or one of the orders unequivocally states it disposes of all claims and all parties. *See id.* at 200, 205; *Farmer v. Ben E. Keith*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).

In opposing dismissal,[1] Swartz does not argue the record includes an order that states it disposes of all claims and parties. Rather, he maintains no "collateral matters remain." He notes the trial court "closed" the case and argues that Nissan lacked "standing" to assert the counterclaim because the relief afforded under DTPA section 17.50 is available only to consumers, and Nissan is not a consumer. Finally, he asserts that even if Nissan could seek fees under section 17.50, the claim "ceased to exist" thirty days after the case was closed.

A claim may "cease to exist" without a written order of dismissal, however, only if omitted from an amended pleading. *See FKM P'ship, Ltd. v. Bd. of Regents*

---

[1] Swartz did not file a response to the motion to dismiss but responded to an earlier motion by CarMax that asserted the same argument concerning our jurisdiction and remained pending at the time the motion to dismiss was filed. We consider Swartz's arguments in his response to the earlier motion in determining the motion to dismiss.

*of the Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). Nissan's claim for attorney's fees here was not omitted from any amended pleading; it was asserted in Nissan's live pleading. Accordingly, an order disposing of this claim is necessary to invoke our jurisdiction. *See Lehmann*, 39 S.W.3d at 200. Because no order disposes of the claim, we lack jurisdiction. *See id.* We grant CarMax and Nissan's motion and dismiss the appeal and all other pending motions. *See* TEX. R. APP. P. 42.3(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220447F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ADAM M. SWARTZ, Appellant

No. 05-22-00447-CV        V.

SEWELL VILLAGE CADILLAC
CO., INC. D/B/A SEWELL
INFINITI, CARMAX AUTO
SUPERSTORE, INC., AND
NISSAN NORTH AMERICA, INC.,
Appellees

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-00256-
A.
Opinion delivered by Justice
Goldstein, Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Sewell Village Cadillac Co., Inc. d/b/a Sewell Infiniti, CarMax Auto Superstore, Inc., and Nissan North America, Inc. recover their costs, if any, of this appeal from appellant Adam M. Swartz.

Judgment entered December 30, 2022.