# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00659-CV

**Giddy Holdings, Inc., Appellant**

**v.**

**Alpha Five Construction, Harley Winters, and Cris W. Craft, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
NO. C-1-CV-22-003708, THE HONORABLE TODD T. WONG, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Giddy Holdings, Inc. filed a notice of appeal on October 20, 2023, stating that it seeks to appeal the trial court's September 21, 2023 order on defendant Alpha Five Construction, LLC's plea to the jurisdiction. Nothing in the notice of appeal informed the Court about the trial court's disposition of Giddy Holdings' claims against the other defendants, Harley Winters and Cris W. Craft.

The trial-court clerk's record, which was filed on November 15, 2023, contains Giddy Holdings' original petition and its live pleading, a first amended petition. In both pleadings, Giddy Holdings asserted claims against the three defendants for breach of contract, breach of duty of good faith and fair dealing, fraud and fraudulent inducement, tortious interference with contract, unjust enrichment, declaratory judgment (for declaration and removal of invalid lien), and violation of Texas Civil Practice & Remedies Code Chapter 12, and it

sought exemplary damages and attorneys' fees. Both the original petition and amended petition alleged damages collectively against the defendants. The original petition alleged as follows: "The damages sought are within the jurisdictional limits of this Court, and Giddy [Holdings] seeks monetary relief of over $100,000 but less than $1,000,000, as well as nonmonetary relief."

The record contains a January 4, 2023 order granting a no-answer default judgment in favor of Giddy Holdings against Winters. On March 21, 2023, the trial court granted Giddy Holdings' motion for partial summary judgment, ordering removal of an invalid lien filed by Alpha Five in Travis County and awarding statutory damages and attorneys' fees to be paid to Giddy Holdings by Alpha Five.

On April 28, 2023, Alpha Five filed a counterclaim against Giddy Holdings, Brett Jacobson, and Christopher Clark. Alpha Five asserted the following claims: fraud and fraudulent inducement against Giddy Holdings and Jacobson; conspiracy against Giddy Holdings, Jacobson, and Clark; breach of contract and quantum meruit against Giddy Holdings. Alpha Five also sought exemplary damages and attorneys' fees. Alpha Five filed a plea to the jurisdiction that same day asserting that all claims and counterclaims should be transferred to Travis County District Court because the amount of damages it sought exceeded the $250,000 jurisdictional limit of the Travis County Court at Law. Giddy Holdings then filed a competing plea to the jurisdiction asserting that the trial court should dismiss Alpha Five's counterclaim to the extent it alleged damages over the jurisdictional amount and that Alpha Five's counterclaim did not make the trial court lose jurisdiction over Giddy Holdings' claims if they were properly within the trial court's jurisdictional limit. Alpha Five subsequently filed an amended plea to the jurisdiction. In its amended plea, Alpha Five asserted that the unambiguous language in Giddy Holdings' original petition contained specific factual allegations that placed its claims outside the

2

jurisdictional limits of the county court at law. In response to the amended plea, Giddy Holdings amended its petition and added this statement to the damages allegation quoted above: "The actual damages sought by Giddy [Holdings] are less than $250,000." Both Alpha Five's original plea to the jurisdiction and its amended plea to the jurisdiction were filed only on its own behalf, not on behalf of any other defendant.

The trial court conducted a hearing on Alpha Five's amended plea to the jurisdiction. No reference was made to defendant Craft and the claims against him during the hearing. The trial court's September 21, 2023 "Order on Defendants Plea to the Jurisdiction of Defendant/Counter-Plaintiff Alph[a] Five Construction LLC" stated: "**IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that Giddy Holding Inc's claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Further, the Counter Claims of Alpha Five Construction LLC are also **DISMISSED WITHOUT PREJUDICE** as requested." The order does not mention defendant Craft or expressly dispose of Giddy Holdings' claims against him.

On that same day after the order on the plea was filed, Giddy Holdings filed a notice of nonsuit without prejudice of all of its claims against "Defendants" except its claims for (1) declaratory judgment for declaration and removal of invalid lien and (2) violation of Texas Civil Practice & Remedies Code Chapter 12. No order disposing of Giddy Holdings' claims based on the nonsuit is in the clerk's record. The time for perfecting an appeal in a civil case runs from a signed judgment or order, not from the filing of a pleading or a notice of nonsuit. *See* Tex. R. App. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). "When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or

3

order disposing of those claims or parties." *Farmer*, 907 S.W.2d at 496; *see also, e.g.*, *Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) (per curiam) ("A docket entry does not constitute a written order."). Appellate timetables run from the date that the trial court signs an order of dismissal, not from the date a nonsuit is filed, even when the signing of such an order is purely ministerial. *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (citing *Farmer*, 907 S.W.2d at 496).

Accordingly, upon initial review, the Clerk of the Court sent Giddy Holdings a letter informing it that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order that has been signed by a judge, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012, and that the order appealed from does not appear to dispose of all claims and all parties. The Clerk's letter also informed Giddy Holdings that there is no signed judgment or order disposing of the claims identified in the September 21, 2023 "Plaintiff's Notice of Nonsuit."

Giddy Holdings filed a response asserting that because the trial court's order explicitly states that its claims are dismissed without prejudice, "and there is no language in the order excepting Giddy Holdings' claims against Winters and Craft from the dismissal," the trial court's dismissal order resulted in a dismissal of its claims against all defendants for lack of jurisdiction. In addition, it asserts that because the dismissal order dismissed Alpha Five's counterclaims against Giddy Holdings, the only other live claims filed by any party, it was a final and appealable order. Giddy Holdings acknowledges that it filed a nonsuit of some claims after the order on the plea, although it does not explain why or contend that the nonsuit has any effect

4

on claims already dismissed by the trial court. Instead, it contends no order on the nonsuit is necessary "because the trial court's order effectively resolved all of Giddy Holdings' claims by dismissing them for lack of jurisdiction."

In the alternative, Giddy Holdings requests that this Court abate the appeal to allow the trial court to clarify its order if we disagree about the intent of the trial court's order. *See Lehmann*, 39 S.W.3d at 206 (stating that when appellate court is uncertain about intent of order lacking clear and unequivocal finality language, it may abate appeal to permit clarification by trial court). Here, the trial court's order lacks clear and unequivocal finality language, and it is unclear whether it disposes of Giddy Holdings' claims against all parties. Under these circumstances, abating the case to allow the trial court to clarify its order will aid this Court in confirming our jurisdiction over the appeal.

Accordingly, we abate the appeal and remand the case to the trial court to allow Giddy Holdings to seek clarification of the trial court's order.[1] A supplemental clerk's record containing the trial court's order, or, if no order has been signed, a status report from Giddy Holdings shall be filed with this Court no later than January 22, 2024. *See* Tex. R. App. P. 34.5(c)(1). If a supplemental clerk's record containing a signed final and appealable order or a status report is not filed in this Court by January 22, 2024, we may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[1] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If a final order is signed by the trial court, we will treat Giddy Holdings' October 20, 2023 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.

It is so ordered on December 22, 2023.


Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed:   December 22, 2023