# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00050-CV

**Thomas Kam, Appellant**

**v.**

**Ken Paxton and Jeff Leach, Appellees**

**FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-22-001702, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On January 19, 2024, Thomas Kam filed a notice of appeal. Kam appeals from the trial court's September 25, 2023 orders granting the appellees' pleas to the jurisdiction. These orders constitute the trial court's final judgment because they dismiss his claims against appellees "with prejudice in their entirety." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language."). Because the orders were signed on September 25, 2023, and Kam's motion for new trial was timely filed on October 2, 2023, the notice of appeal was due to be filed on or before December 27, 2023. *See* Tex. R. App. P. 26.1(a)(1) (requiring notice of appeal to be filed within 90 days after judgment is signed if party timely files motion for new trial); *id.* R. 4.1(a) (extending deadline for filing "to the end of the next day that is not a Saturday, Sunday, or legal holiday").

On May 6, 2024, after an initial review of the clerk's record, the Clerk of this Court sent Kam a letter informing him that the Court appears to lack jurisdiction over the appeal

for the reasons stated above and requesting a response informing us of any basis that exists for jurisdiction. Kam's response indicates that he believes his notice of appeal is timely because he filed it on January 19, 2024, after the trial court signed an order denying his motion for new trial on January 10, 2024.[1] This response does not present any information that allows the Court to extend the deadline to file the notice of appeal. Texas Rule of Appellate Procedure 26.1(a)(1) requires the notice of appeal to be filed within 90 days after the *judgment* is signed if a party timely files a motion for new trial. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (explaining that appellate timetable runs from date of signing of judgment or order disposing of all claims and parties).

Kam's January 19, 2024 notice of appeal is untimely, and we therefore lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction); *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case). Accordingly, we dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: May 24, 2024

---

[1] Kam's motion for new trial was overruled by operation of law on December 11, 2023, so the trial court's January 10, 2024 order denying the motion had no additional effect. *Compare* Tex. R. Civ. P. 329b(c) (establishing that if motion for new trial is not determined by written order signed within 75 days after judgment was signed, it is overruled by operation of law) *with* Tex. R. Civ. P. 329b(e) (establishing that when party timely files motion for new trial, trial court has plenary power to *grant* new trial until 30 days after motion is overruled "either by a written and signed order or by operation of law, whichever comes first").