# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00054-CV

**Tanya Elliot, Appellant**

**v.**

**Texas Pioneer Farm Mutual Insurance Association, Inc., Appellee**

### FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY
### NO. 423-4821, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tanya Elliot attempts to appeal the trial court's final judgment, which granted Texas Pioneer Farm Mutual Insurance Association, Inc.'s no-evidence motion for summary judgment on all Elliot's claims in the suit. *See In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (orig. proceeding) (per curiam) (judgment not following conventional trial on the merits is final if it actually disposes of every remaining issue in suit). Because Elliot's notice of appeal was not timely filed, we dismiss this attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 25.1, 26.1, 42.3(a); *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581–82 & n.27 (Tex. 2018) (per curiam).

The trial court signed its final judgment on July 26, 2024, thus starting the appellate timetables on that date. *See* Tex. R. App. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 196 (Tex. 1995) (per curiam). Elliot timely filed a motion for new trial, which means that her

notice of appeal should have been filed within 90 days after July 26, 2024, which deadline fell on October 24, 2024. *See* Tex. R. App. P. 26.1(a)(1); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 561 (Tex. 2005). Elliot did not file her notice of appeal until December 13, 2024. Her notice thus was untimely and beyond the 15-day window during which we may imply a timely motion to extend the time to perfect the appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Our Clerk notified Elliot of this jurisdictional problem, and she has responded by pointing to her postjudgment litigating in the trial court relating to her motion for new trial. She filed that motion, an amended version of it, and a second amended version of it. She also moved for an evidentiary hearing on her motion for new trial as amended, and the trial court denied any evidentiary hearing. After the trial court signed an order denying the second amended motion for new trial, Elliot moved the trial court to reconsider its decision denying a new trial and moved for a hearing on her motion to reconsider. The trial court denied the latter motion for a hearing, and the next activity was Elliot's filing her notice of appeal. At no point has the trial court modified its July 26, 2024 judgment. *Cf.* Tex. R. Civ. P. 329b(h).

All these postjudgment litigating activities are beside the point—even when there are postjudgment motions under Rule of Civil Procedure 329b, like motions for new trial, and motions relating to those motions, if the trial court does not modify its judgment, then the appellate timetables still run from the signing of *the judgment*. *See* Tex. R. App. P. 26.1; *Martin v. Estell Acres, LLC*, No. 03-23-00638-CV, 2023 WL 8355329, at *1 (Tex. App.—Austin Dec. 1, 2023, no pet.) (mem. op.); *Szabuniewicz v. King Invs., Inc.*, No. 02-23-00239-CV, 2023 WL 5967889, at *2 (Tex. App.—Fort Worth Sept. 14, 2023, pet. denied) (mem. op.) (per curiam); *In re Benavides*, 605 S.W.3d 234, 240 (Tex. App.—San Antonio 2020, pet. denied).

Elliot's notice of appeal thus is untimely, and we must dismiss this attempted appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed for Want of Jurisdiction

Filed:   March 14, 2025