**Opinion issued August 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00530-CV

————————————

**JEFFERY-JAMES DENNIS, Appellant**

**V.**

**QUICKEN LOANS, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ROCKET MORTGAGE, LLC, AND FEDERAL NATIONAL MORTGAGE ASSOCATION, Appellees**

---

On Appeal from the 164th District Court
Harris County, Texas
Trial Court Case No. 2024-29392

---

## MEMORANDUM OPINION

Appellant, Jeffery-James Dennis, pro se, attempts to appeal from the trial court's various interlocutory orders. We dismiss.

In his operative pleading, appellant's amended petition, appellant brought suit against Quicken Loans, LLC, N/K/A Rocket Mortgage, LLC, Mortgage Electronic Registration Systems a/k/a MERS, Inc., Federal National Mortgage Association a/k/a Fannie Mae, Amy Colvin, and Does I-X. Appellant's notice of appeal states that he is appealing a May 10, 2025 trial court order that dismissed his claims against appellee Federal National Mortgage Association. Appellant also attempts to appeal a June 24, 2025 oral ruling granting a summary judgment in favor of appellees Mortgage Electronic Registration Systems, Inc. and Rocket Mortgage, LLC.

On August 8, 2025, our Court notified appellant that the appeal was subject to dismissal for want of jurisdiction because the record does not appear to contain a final judgment. Appellant did not respond to our notice.

Generally, a Texas appellate court has jurisdiction to consider only an appeal from a final judgment. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 26.1 (appellate timetable runs from date judgment or order is signed). The clerk's record must include a copy of the court's judgment or other order that is being appealed. TEX. R. APP. P. 34.5. To be final, a judgment must dispose of all issues and parties in a case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).

Here, the trial court dismissed all of appellant's claims against Federal National Mortgage Association. Although appellant claims that the trial court orally

granted a summary judgment filed by Mortgage Electronic Registration Systems and Rocket Mortgage, LLC, the record does not contain a signed, written order to that effect. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) ("The appellate timetable *does not* commence to run other than by a signed, written order, even when the signing of such an order is purely ministerial.") (emphasis in original); TEX. R. APP. P. 26.1 (starting appellate timetable from date judgment is signed).

Because the claims asserted by appellant against Mortgage Electronic Registration Systems, Inc. and Rocket Mortgage, LLC were not adjudicated by the May 10, 2025 order, the record does not contain a final judgment or other appealable order. *See Lehmann*, 39 S.W.3d at 192–93, 205; *see also V.I.P. Royal Palace, LLC v. Hobby Event Ctr. LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *4 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) ("Because the trial court's . . . order does not actually dispose of all claims and all parties, it is interlocutory and not final . . . ."). Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

3