

# NUMBER 13-25-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF
## ALAIN G. AYMELE AND VALERIE T. NDOUNGUE
## AND IN THE INTEREST OF B.L.A. AND R.V.A., CHILDREN

---

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron**

This cause is before the Court on its own motion. On September 22, 2025, appellant filed a notice of appeal attempting to appeal an order entered in trial court cause F-2094-23-I.[1] On September 23, 2025, the Clerk of the Court notified appellant that it appears there is no final, appealable order. Appellant was further notified that if the defect

---

[1] The notice of appeal indicates an "I" at the end of the case number; however, other filings indicate the case number ends with an "E."

was not cured within ten days, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3. The Clerk of the Court also notified appellant that the notice of appeal was not in compliance with Texas Rules of Appellate Procedure 9.4(g) and 9.5(e)(1); appellant was instructed to cure the defects within thirty days. *See id.* R. 9.4(g), 9.5(e)(1). Appellant has failed to cure the defects or otherwise respond to the notice.

A final judgment or other appealable order becomes appealable on, and appellant's timetables run from, the date such a judgment or order is signed. *See* Tex. R. App. P. 26.1; *Farmer v. Ben E. Keith Co.* 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial."). Upon review of the documents before us, it appears that there is no signed or otherwise appealable order, and appellant has failed to correct the defects. Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024). We are of the opinion that there is no final judgment or appealable interlocutory order before us. Therefore, having considered the documents on file and appellant's failure to correct the defects, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JENNY CRON
Justice

Delivered and filed on the
13th day of November, 2025.

2