# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00030-CV

**Brigitte Starkey and David Starkey, Appellants**

**v.**

**Diana Hiebler, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-22-003363, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Brigitte Starkey and David Starkey appealed the trial court's final judgment. Appellee Diana Hiebler contends that the Starkeys' appeal was untimely and has moved to dismiss it for want of jurisdiction. We will grant the motion.

On July 25, 2023, the trial court granted in part Hiebler's traditional summary-judgment motion as to the Starkeys' liability for forcible detainer. The motion was denied in all other respects, including Hiebler's claims for back rent, lease violations, and attorney's fees. Hiebler later moved to dismiss all her claims against the Starkeys, except for her successful forcible-detainer claim:

> Except as stated herein, Plaintiff Diana Hieb[]ler moves to dismiss all of her claims asserted against Defendants Brigitte Starkey and David Starkey in this forcible detainer action, except that Plaintiff <u>does not move to dismiss</u> her claim against Defendants for forcible detainer that Defendants retained possession of the premises located at 11501 Johnson Road, Leander, Travis County, Texas, 78641, after the expiration on December 30, 2020, of the rental period in the lease the

subject of this action, which is the claim on which Plaintiff was granted summary judgment by Order signed by the Court on July 25, 2023.

On November 1, 2024, the trial court signed an order of partial dismissal granting Hiebler's motion:

> Plaintiff's Motion to Dismiss is hereby GRANTED.
>
> It is ORDERED, ADJUDGED, AND DECREED that all claims asserted by Plaintiff against Defendants in this forcible detainer action are hereby DISMISSED, with the exception of Plaintiff's claim against Defendants for forcible detainer that Defendants retained possession of the premises located at 11501 Johnson Road, Leander, Travis County, Texas, 78641, after the expiration on December 30, 2020, of the rental period in the lease the subject of this action, which is NOT DISMISSED and is retained in this action.

Hiebler requested a writ of possession. Her letter explained to the county clerk that the trial court's July 25, 2023 and November 1, 2024 orders disposed of all claims against all parties in the suit and thus, as of November 1, 2024, the summary-judgment order became final and appealable. The Starkeys disputed that the two prior orders together constituted a final judgment because neither expressly addressed Hiebler's claim for attorney's fees. Hiebler asserted that the November 1, 2024 dismissal order disposed of all her claims against the Starkeys, except the forcible-detainer claim (on which she had already prevailed). The Starkeys replied that the orders taken together did not express finality with unmistakable clarity and objected that Hiebler sought to backdate a final judgment. On January 9, 2025—69 days after signing the dismissal order—the trial court signed a "Final Judgment." Also on January 9, 2025, the Starkeys filed their notice of appeal.

A judgment issued without a conventional trial is final for purposes of appeal only if either (1) it actually disposes of all claims and parties then before the court, regardless of its

2

language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *In re C.K.M.*, 709 S.W.3d 613, 616 (Tex. 2025). Under the first method, an appellate court must review the record and determine whether the order in fact disposes of all then-pending claims and parties. *In re C.K.M.*, 709 S.W.3d at 616-17 (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)).[1] If it does, then the order is final under the first method even if the order's language does not clearly express its finality. *Id.* at 617.

"When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Here, the trial court's November 1, 2024 order dismissed "all claims asserted" by Hiebler against the Starkeys, with the exception of the forcible-detainer claim that she won by summary judgment. Thus, all Hiebler's claims, besides her forcible-detainer claim, were dismissed on November 1, 2024. On that date, the July 25, 2023 summary-judgment order became a final, appealable order.

Because the summary-judgment order was final and appealable, the appellate timetables began on the date that the trial court signed the dismissal order—November 1, 2024. *See id.* Thus, the notice of appeal was due Monday, December 2, 2024. *See* Tex. R. App. P. 26.1 (stating general rule requiring notice of appeal within 30 days after judgment is signed); s*ee*

---

[1] The Texas Supreme Court recently held, only for default judgments, that it is unnecessary to consult the record if a judgment has "language that affirmatively undermines or contradicts finality." *In re Lakeside Resort JV*, 689 S.W.3d 916, 918 (Tex. 2024). When a default judgment includes language negating or undermining finality, "the first method does not apply and, under the second method, the judgment is not final." *Id.* at 923. This appeal does not involve a default judgment.

*also id.* R. 4.1(a) (extending deadline to file notice of appeal from Sunday to Monday). The Starkeys filed their notice of appeal on January 9, 2025—69 days after the date that the trial court signed the dismissal order and outside the 15-day extension period allowed under the appellate-procedure rules. *See id.* R. 26.1, 26.3. Thus, the notice of appeal is untimely.

Absence of a timely notice of appeal prevents an appellate court from ever exercising jurisdiction in the first place. *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022). Because the Starkeys' notice of appeal was untimely, we lack jurisdiction to consider this appeal. *See id.*; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Further, by the time the trial court signed the January 9, 2025 judgment—69 days after signing the dismissal order—its plenary power had expired. *See* Tex. R. Civ. P. 329b (stating trial court has plenary power to grant new trial or to vacate, modify, correct, or reform judgment for within 30 days after judgment is signed). When, as here, an appeal is taken from a judgment signed outside a trial court's plenary jurisdiction, we may vacate the judgment. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity"). Accordingly, we vacate the trial court's January 9, 2025 judgment, grant Hiebler's motion, and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed: August 13, 2025

4